# IN THE UNITED STATES BANKRUPTCY COURT FOR
## THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **IN RE:** | **CASE NO. 13-04553** |
| | **Chapter 13** |
| **AIDA E MONTANEZ CASTILLO** | **Adversary No. 14-00220** |
| **Debtor(s)** | |
| **AIDA E MONTANEZ CASTILLO** | |
| **Plaintiff** | |
| **vs.** | |
| **AIDA MONTANEZ DIAZ,** | |
| **RAMAYELI MONTANEZ ORTEGA** | |
| **Defendants** | **FILED & ENTERED ON 09/18/2014** |

## OPINION AND ORDER

To obtain injunctive relief under the Bankruptcy Code provision that authorizes the court to issue "necessary or appropriate" orders, the plaintiff must establish all of the following:

(1) irreparable harm to the debtor or the estate if the injunction does not issue;
(2) a strong likelihood of success on the merits;
(3) no harm or minimal harm to the adverse party; and
(4) absence of an adverse effect on the public interest.

11 U.S.C § 105(a); Saxby's Coffee Worldwide, LLC, 2009 WL 4730238 at 6; In re Bora Bora, Inc.,

424 B.R. 17 (Bankr. D.P.R. 2010). One factor in discerning "irreparable harm" in a bankruptcy

context is whether the action sought to be enjoined would so consume the time, energy, and resources of the debtor that it would substantially hinder the debtor's reorganization effort. Irreparable harm, of the kind required for the issuance of a preliminary injunction, must be neither remote nor speculative, but actual and imminent. In re Codfish, 97 B.R. 131 (Bankr. D.P.R. 1988). The granting of a preliminary injunction is an extraordinary and drastic remedy, which should be granted only when the movant has carried its burden through clear and convincing evidence. In re Philadelphia Newspapers, LLC, 407 B.R. 606 (E.D.Pa. 2009).

In the matter presently before the court, the Plaintiff has not met this burden. Local Rule 7065-1 provides that an adversary complaint must already be on file or be filed at the same time that the request for a temporary restraining order or preliminary injunction is made. Notwithstanding Plaintiffs failure to comply with the requirement of PR LBR 7065-1 that a complaint be filed, Plaintiff failed to support its request with the necessary legal authority. As such, the emergency motion for temporary restraining order and preliminary injunctive relief filed on September 15, 2014 [Dkt. No. 1] is DENIED without prejudice.

SO ORDERED.

In San Juan, Puerto Rico this 18th day of September, 2014.

Brian K. Tester
U.S. Bankruptcy Judge